IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE CAST IRON SOIL PIPE )
AND FITTINGS ) No. 1:14-MD-02508
ANTITRUST LITIGATION )
)

**JOINT REPORT SUMMARIZING MATTERS DISCUSSED AND ACTION TAKEN AT MAY 15, 2014 INITIAL CASE MANAGEMENT CONFERENCE**

The Direct Purchaser Plaintiffs,[1] Indirect Purchaser Plaintiffs,[2] and Consumer End-User Plaintiffs,[3] through their respective designated Lead Counsel, and the Defendants, through their counsel, hereby submit this joint report as ordered by the Court in its Order entered May 20, 2014, Court Document Number 67, Page 1D571-574.

AGREED ITEMS

The parties believe that the matters discussed and actions taken by the Court at the May 15, 2014 conference include:

1. Designation of Lead Counsel and Liaison Counsel with prescribed duties, as set out in the aforesaid Order of May 20.

2. Recognition of Plaintiff putative classes as Direct Purchaser Plaintiffs, Indirect Purchaser Plaintiffs, and Consumer End-User Plaintiffs, broadly defined as set forth, *supra*.

---

[1] For scheduling and appointment of counsel purposes only, the plaintiffs suggested and the Court accepted the plaintiffs' suggestions and defined three plaintiff putative classes. The Court broadly defined Direct Purchaser Plaintiffs as those who purchased cast iron soil pipe and fittings ("CISP") for resale from any named defendant during the relevant period.

[2] For scheduling and appointment of counsel purposes only, the Court broadly defined Indirect Purchaser Plaintiffs as those who purchased CISP directly from direct purchasers for use in a commercial application.

[3] For scheduling and appointment of counsel purposes only, the Court broadly defined Consumer End-User Plaintiffs as those who, as CISP end-users, purchased CISP for personal use from direct or indirect purchasers.

3. The following dates were established for completion of tasks as described[4]:

Dates and Deadlines

| Date | Event |
|---|---|
| 06-02-14 | Joint report about things decided at the 5/15/14 conference and actions to be taken |
| 6-30-14 | Deadline to submit names of proposed mediators |
| 07-29-14 | Initial Disclosures |
| 08-11-14 | Consolidated Amended Complaint(s); each Plaintiff putative class to file its own Consolidated Amended Complaint |
| 08-18-14 | Rule 26(f) conference report due on or before. Items to be discussed at conference: <br> 1. Trial dates and expected length <br> 2. Class certification motion dates <br> 3. Dates related to Motions for Summary Judgment <br> 4. Document preservation order, scope, etc. <br> 5. Experts <br> 6. Date(s) for mediation <br> 7. Other matters set forth in Federal Rule 26(f) |
| 09-22-14 | Motion(s) to Dismiss(s)/Answer(s) |
| 10-14-14 | Scheduling Conference |
| 10-20-14 | Plaintiffs' Responses to Motion(s) to Dismiss |
| 11-17-14 | Defendants' Replies to Plaintiffs' Responses |
| 12-10-14 | Hearing on Motion(s) to Dismiss |

4. Clarification of the service list for CM/ECF registration will be accomplished by the Court.

5. Judge Mattice strongly discourages communications with his chambers. United States Magistrate Judge Carter, however, will entertain limited communications with chambers

---

[4] In the May15, 2014 Minute Entry (Document 65), two of the above dates seem to be altered as follows: (1) Deadline to Exchange Initial Disclosures 7/14/2014, and (2) Consolidated Amended Complaint Due 8/18/2014.

2

so long as (1) such communications are to resolve issues of scheduling or procedure and (2) opposing counsel is included in any such communications (e.g., to be copied on emails). Substantive issues are not to be addressed in these communications. *Ex parte* motions shall not be filed on ECF; they must be filed on paper.

6. There will be no stay of discovery including during pendency of dispositive motions, without specific Court Order.

7. Discovery will likely be coordinated for all three putative classes of Plaintiffs to the extent reasonably possible. The Court intends to enter a separate Order addressing this topic. The Court intends to reduce duplicative efforts.

8. The Court requires the parties to substantively meet and confer either in person or by telephone to solve discovery problems before bringing them to the Court.

9. The Court expects the parties to develop and use a uniform numbering system for documents, including, whenever possible, citation to a document's unique "Page ID #" assigned by the Court's CM/ECF system.

10. The Court discourages sealing of documents and will not seal documents absent a compelling reason. The Court issued an Order on May 29, 2014 concerning motions to seal, unseal, redact, and similar issues (Document 70). All parties will have access to documents proposed to be sealed.

11. To be effective, all objections must be specific rather than general.

12. Plaintiffs and Defendants may have one or more computer experts and specialists to help conduct E-discovery. Attorneys for the parties must meet with each other about E-discovery in advance of the Rule 26(f) conference and may bring any experts that they retain.

13. The Court will generally approve protective/confidentiality orders if they are stipulated.

14. The Court will issue a Case Management Plan Order. The Court intends to require case-management conferences periodically every three to four months until they are no longer necessary. The Court left open the question of whether the October 14, 2014 scheduling/management conference would be consolidated for all three groups of Plaintiffs or whether it would conduct a separate conference for each consolidated group of Plaintiffs.

15. The Court instructed the parties to review the Judicial Preferences of Judges Mattice and Carter and the Local Rules for the Eastern District of Tennessee.

16. The Court reiterated its prior admonition that it would not consider motions filed in individual cases. Only motions filed in the multidistrict case (1:14-md-2508) will be considered.

17. The Court ordered the case to mediation. It further suggested that it would require periodic status reports from the mediator throughout the mediation process. The parties shall submit a list of proposed mediators to the Court no later than June 30, 2014. The dates for mediation shall be discussed at the Rule 26(f) conference.

18. Motion practice:

(a) In general, the United States Magistrate Judge will deal with all non-dispositive motions.

(b) Motions for extensions and continuances are not favored if filed after the deadline for action. Other motions for same should be filed as far ahead of the deadline as possible.

(c) A court reporter will be provided at hearings before the United States Magistrate Judge at which evidence is presented. If no evidence is to be presented at a hearing, the parties shall provide their own reporter(s).

(d) Motions filed under Federal Rules of Civil Procedure 11, 12 or 56 may be rejected unless the Court has granted leave to file the same.

19. The Court directed each of the three putative classes of Plaintiffs to file its own Consolidated Amended Complaint accompanied by "brief fact sheets about each named plaintiff."

20. The Court will consider bifurcation of the trial at an appropriate time hereafter.

<u>MATTERS AS TO WHICH THERE IS
NO PRESENT AGREEMENT</u>

The parties are either uncertain or disagree about the following pertinent items and request the Court's guidance regarding the same:

1. The content of any "fact sheet" to be provided with Plaintiffs' Consolidated Amended Complaint(s), as to which Defendant Charlotte Pipe, et al., has filed a motion and to which the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs have filed a response in opposition on June 2, 2014.

2. The Court's involvement in requiring Defendants to provide information relating to their efforts to compromise and settle putative claims of Direct Purchaser Plaintiff putative class members, as to which the Direct Purchaser Plaintiffs have filed a motion on June 2, 2014. The Defendants do not agree that this issue was meaningfully raised or addressed at the May 15 conference and do not agree that inclusion of this issue in the report is proper.

3. Whether initial disclosures are due on July 29, 2014 (as directed by the Court at the May 15, 2014 Initial Case Management Conference) or on July 14, 2014 (as indicated on the corresponding Minute Entry (Document 65), and whether the Consolidated Amended Complaints are to be filed August 11, 2014, per the Court or August 18, 2014, per the Minute

5

Entry. The Defendants believe that the conference transcript, and not the later minute entry, accurately reflects the Court's dates.

                        Respectfully submitted,

/s/ Solomon B. Cera
Solomon B. Cera
C. Andrew Dirksen
**GOLD BENNETT CERA & SIDENER LLP**
595 Market Street - Suite 2300
San Francisco, CA 94105-2835
Tel: (415) 777-2230
Fax: (415) 777-5189

/s/ Kit A. Pierson
Kit A. Pierson
Christopher J. Cormier
Meghan Boone
**COHEN MILSTEIN SELLERS & TOLL PLLC** 1100 New York Avenue, NW, Suite 500 East
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

/s/ Robert N. Kaplan
Robert N. Kaplan
Richard J. Kilsheimer
Gregory K. Arenson
Matthew P. McCahill
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

/s/ Scott N. Brown, Jr.
Scott N. Brown, Jr., BPR No. 1212
Joseph A. Jackson, II, BPR No. 30203
**SPEARS, MOORE, REBMAN & WILLIAMS, P.C.**
801 Broad Street, Sixth Floor
P.O. Box 1749
Chattanooga, TN 37401-1749
Tel: (423) 756-7000
Fax: (423) 756-4801

*Liaison Counsel for Direct Purchaser Plaintiffs*

/s/ Edward W. Ciolko
Joseph H. Meltzer
Edward W. Ciolko
Terence S. Ziegler
Kimberly A. Justice
John Q. Kerrigan
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ Ronald J. Berke
Ronald J. Berke BPR#1741
Jeremy M. Cothern BPR#27166
**BERKE, BERKE & BERKE**
420 Frazier Avenue
Chattanooga, TN 37405
Tel: (423) 266-5171
Fax: (423) 265-5307

*Liaison Counsel for Indirect Purchaser Plaintiffs*

/s/ Gordon Ball
**Gordon Ball PLLC**
700 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028

/s/ Charles Barrett
**The Barrett Law Group**
6518 Highway 100
Suite 210
Nashville, TN 37205
Tel: (615) 515-3393

*Lead Counsel for Consumer End-User Plaintiffs*

/s/ C. Crews Townsend
Roger W. Dickson
C. Crews Townsend
Kyle W. Eiselstein
Kyle J. Wilson
*Miller & Martin, PLLC*
832 Georgia Ave., Suite 1000
Chattanooga, TN 37402
Tel: (423)756-6600

/s/ Mark W. Merritt
Mark W. Merritt
Lawrence Moore
Nathan Clifton Chase, Jr.
*Robinson, Bradshaw & Hinson*
101 North Tryon St.
Suite 1900, Independence Center
Charlotte, NC 28246
Tel: (704)377-8383

Daniel Wall
Timothy L. O'Mara
Kirsten Marie Ferguson
*Latham & Watkins, LLP*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Tel: (415)391-0600

*Attorneys for Defendants Charlotte Pipe and Foundry Company and Randolph Holding Company*

8

12149005v2
29434-0001
Case 1:14-md-02508-HSM-CHS   Document 84   Filed 06/04/14   Page 8 of 9   PageID #: 729

/s/ J. Alan Truitt
J. Alan Truitt
Lee E. Bains, Jr.
Thomas W. Thagard, III
Julie S. Elmer
Prim F. Escalona
*Maynard Cooper and Gale PC*
1901 Sixth Ave. North
2400 Regions Harbert Plaza
Birmingham, AL 35203

Joseph A. Ostoyich
Erik T. Koons
William Lavery
Heather Souder Choi
*Baker Botts L.L.P*
The Warner
1299 Pennsylvania Ave, N.W.
Washington, D.C. 20004

*Attorneys for Defendants McWane, Inc., AB&I Foundry, and Tyler Pipe Company*