UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA


IN RE:  CAST IRON SOIL PIPE AND FITTINGS
ANTITRUST LITIGATION                                   No. 1:14-md-2508

### INITIAL CASE MANAGEMENT AND SCHEDULING ORDER

The court hereby **ORDERS**:


1. *Service of Documents*

    (a) *Orders.* A copy of each order will be provided to Plaintiffs' liaison counsel and Defendants' counsel for distribution as appropriate to other counsel and parties.

    (b) *Pleadings, Motions, and Other Documents.* Plaintiffs' liaison counsel will be provided with a copy of each pleading, motion, or other document filed by a party; Defendants' counsel will be provided with a copy of each such document. Pursuant to Fed. R. Civ. P. 5(b), service on liaison counsel constitutes service on other attorneys and parties for whom liaison counsel is acting.


2. *Status Conferences*

    (a) *Regularly Scheduled Conferences.* The court will convene a status conference in this litigation every **three to four months**, subject to the court's calendar. Except for emergencies, motions should not be brought for hearing at any time other than a regularly scheduled status conference. To be heard at a status conference, motions must be fully briefed at least **three weeks before the status conference**. Lead counsel for the parties shall (1) confer at least **two weeks** before each scheduled conference and attempt to resolve outstanding disputes and (2) provide the court at least **one week** prior to the hearing a joint letter listing all motions and other matters the parties anticipate addressing at the conference. Parties should make every effort not to notice depositions for days on which status conferences are scheduled, and no deposition shall go forward on such days without prior leave of court.

1

(b) *Telephone Conferences.* Telephone conferences may be scheduled at the court's discretion by prior arrangement through the court's chambers, if all necessary parties are available and receive at least 24 hours notice.

3. *General Matters*

   (a) *Communication with the Court.*

      1. Counsel shall not contact Judge Mattice's chambers by phone. The preferred method of communication is always a formal written motion, filed on the court's electronic case filing system.

      2. Counsel may contact Magistrate Judge Carter's chambers via email or telephone for procedural and scheduling matters only.

   (b) *Briefing Requirements.* Briefs in support of, or in opposition to, any motions may not exceed 25 pages without leave of court. E.D. Tenn. LR 7.1(b). Reply briefs must be limited to 25 pages without leave of court. *See* E.D. Tenn. LR 7.1(c) ("A reply brief shall not be used to reargue the points and authorities included in the opening brief, but shall directly reply to the points and authorities contained in the answering brief.").

4. *Scheduling*

   (a) The court previously consolidated Plaintiffs into Direct Purchasers, Indirect Purchasers, and Consumers for pretrial purposes. *See* Doc. 67. All consolidated groups **SHALL** adhere to the following schedule:

      1. *Initial Disclosures*: The parties shall make all disclosures required by Rule 26(a)(1) on or before **July 29, 2014**.

      2. *Pleadings.* Each consolidated group of Plaintiffs must file by **August 11, 2014**, a consolidated amended complaint. Each defendant shall have until **September 22, 2014**, to file its answer to the complaint, including any cross-claims or counterclaims. Answers to any cross-claims or counterclaims will be filed by **October 20, 2014**.

3. *Rule 26(f) Conference.* Each consolidated group shall meet and confer to develop a discovery plan in accordance with Fed. R. Civ. P. 26(f). The parties' discovery plan must comply in all material respects with Fed. R. Civ. P. 26(f)(3). The parties must file a written report outlining the discovery plan **no later than August 18, 2014**.

   a. At the Rule 26(f) Conference, the parties shall discuss:

      i. When the case will be ready for trial and the anticipated length of trial

      ii. Scheduling for discovery deadlines, motions to certify class, and motions for summary judgment

      iii. Whether there is a need for a document preservation order

      iv. The form of production of electronic information and specific counsel who will coordinate electronic discovery

      v. Whether expert testimony will be necessary and the scope of any expert testimony

4. *Scheduling Conferences.* The parties shall appear before the Court for a joint scheduling conference on **Wednesday, October 22, 2014 at 10:00 a.m. EST** in the First Floor District Courtroom, U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee.

5. *Motions to Dismiss*: Defendants shall have until **September 22, 2014** to file motions to dismiss.  Each consolidated Plaintiff group shall have until **October 20, 2014** to file its response to any motions. Defendants shall have until **November 17, 2014** to file their replies to any responses. Oral argument on any and all motions to dismiss shall be held on **December 10, 2014 at 10:00 a.m. EST** in the Third Floor District Courtroom, U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee.

5. *Discovery Issues.* All discovery requests and responses are subject to the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g). Discovery shall not, without prior approval of the court, be taken of members of the proposed class or

3

of persons in countries outside the United States; and any request for such discovery shall indicate why the discovery is needed and the specific information or documents sought.

(a) *Meet and Confer*

> 1. Counsel are required to meet and attempt to resolve a dispute before submitting it to the Court for resolution

(b) *Documents*

> 1. *Numbering System.* Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation. All copies of the same document should ordinarily be assigned the same identification number.
>
> 2. *Rolling Production.* The parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered.
>
> 3. *Avoidance of Multiple Requests and Coordination of Document Production with Other Courts.* Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party in this proceeding or in similar proceedings in other courts. No party shall request documents available to it from its own liaison counsel.
>
> 4. *Privilege.* A party who, relying on any privilege or on the work product doctrine, does not produce all relevant or requested documents in response to a request for production of documents or a subpoena must state that it is invoking a privilege and must specify which privilege or doctrine it is invoking. The parties are to confer to determine the format and time for production of privilege logs. Where courts in other jurisdictions have ordered the production of any document initially withheld by defendant as privileged or work product, the party shall either produce the document in these proceedings or timely move for a protective order.

(c) *Interrogatories.* Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has already been answered in response to interrogatories filed by another party unless there is reason to believe that a different answer will be given. Pursuant to Rule 26(e)(2), the parties must promptly amend answers to interrogatories to provide complete additional or corrective information.

(d) *Depositions.* Depositions shall be governed by the general deposition procedures set forth in the court's June 9, 2014 Order. (Doc. 87).

(e) *Special Agreements.* All parties shall be under a continuing duty to make prompt disclosure to the court (and, unless excused by the court for good cause shown, to other parties) of the existence and terms of all agreements and understandings, formal or informal, absolute or conditional, settling or limiting their rights or liabilities in this litigation.

(f) *Motions to Seal.* All motions to seal will be governed by the court's May 29, 2014 Order. See Doc. 70.

(g) *Motions for Protective Order.* The Court will only protect material that has a clear and significant need for confidentiality. The Court prefers the parties to confer and submit agreed protective orders.

(h) *Motions to Compel.* The parties must meet and confer on the telephone or in person before filing a motion to compel. In the motion, the parties shall not make general objections to written discovery, but rather make specific objections to each interrogatory or request to produce. In their objections, the parties shall indicate whether they are providing a complete response or if they are not providing all of the information based on their objections.

6. *Later Filed Cases.* The terms of this order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407). Objections to such consolidation or other terms of this order shall promptly be filed, with a copy served on liaison counsel for plaintiffs and defendants.

7. *Next Conference.* The next pretrial conference is scheduled for **Wednesday, September 3, 2014** at **10:00 a.m. EST** in the First Floor District Courtroom, U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee.

8. *Proposals by Lead Counsel.* Lead counsel **SHALL** submit a proposed lead case for each consolidated group, proposed mediators, and individuals to serve as proposed mediation counsel **no later than June 30, 2014**.

Dated:  June 9, 2014

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

Case 1:14-md-02508-HSM-CHS   Document 89   Filed 06/09/14   Page 6 of 6   PageID #: 741