UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE: CAST IRON SOIL PIPE AND
FITTINGS ANTITRUST LITIGATION

No. 1:14-md-2508-HSM-CHS

_____

THIS DOCUMENT RELATES TO:
DIRECT PURCHASER CLASS ACTION

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT BETWEEN
DIRECT PURCHASER PLAINTIFFS AND DEFENDANTS, AUTHORIZING
DISSEMINATION OF CLASS NOTICE, AND SCHEDULING HEARING FOR FINAL
APPROVAL OF PROPOSED SETTLEMENT

THIS CAUSE having come before the Court on the Direct Purchaser Plaintiffs' ("Plaintiffs") Motion for Preliminary Approval of Settlement ("Motion") [Doc. 466] between the Plaintiffs, on behalf of themselves and all others similarly situated, and defendants McWane, Inc., and its unincorporated divisions, AB&I Foundry and Tyler Pipe Company (collectively, "McWane"), and Charlotte Pipe and Foundry Company and Randolph Holding Company (collectively, "Charlotte Pipe"), and the Cast Iron Soil Pipe Institute ("CISPI," who along with McWane and Charlotte Pipe are defined collectively as "Defendants"); and the Court having reviewed the Motion, its accompanying memorandum and declaration in support, the settlement agreement, dated October 19, 2016 ("Settlement Agreement"), and the file:

It is on this 29th day of November, 2016, **ORDERED:**

1.      Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

### Preliminary Approval of Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

### Certification of a Settlement Class

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes only (the "Settlement Class"):

> All persons or entities that purchased CISP in the United States directly from any of the Defendants, their subsidiaries, predecessors, or affiliates, from November 1, 2006, through December 31, 2013 (the "Settlement Class Period"). Excluded from the Settlement Class are the Known Opt-Outs, as identified in Appendix A to the Settlement Agreement, the Defendants, their parent companies, subsidiaries, predecessors, and affiliates, federal and state governmental entities and instrumentalities of federal or state governments, and any Settlement Class Member who timely and validly elects to be excluded from this Settlement Class.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) members of the Settlement Class are so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Settlement Class Counsel will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis is superior to other means of resolving this matter.

5. The Court hereby appoints Solomon B. Cera of Cera LLP, Kit A. Pierson of Cohen Milstein Sellers & Toll PLLC, and Robert N. Kaplan of Kaplan Fox & Kilsheimer LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment, and appoints Scott N. Brown of Spears, Moore, Rebman & Williams, P.C., as Liaison Counsel.

6. Plaintiffs A&S Liquidating Inc.; Hi Line Supply Company, Ltd.; and Red River Supply, Inc. will serve as representatives on behalf of the Settlement Class.

## Notice to Potential Settlement Class Members

7. Within 30 days after the date of the entry of this Order (the "Notice Date"), Settlement Class Counsel shall cause copies of the Notice of Proposed Class Action Settlement, substantially in the form attached hereto as Exhibit 1, to begin to be mailed by first class mail, postage prepaid, to each potential Settlement Class Member whose address was obtained from the transactional sales data that Defendants have previously produced to Plaintiffs in the Action. A Claim Form, substantially in the form attached hereto as Exhibit 2, will be included with the Notice.

8. As soon as practicable after the Notice Date, Settlement Class Counsel shall cause to be published a Publication Notice, substantially in the form attached hereto as Exhibit 3. The Publication Notice shall be published once in the national edition of the *Wall Street Journal* and once in *Supply House Times*.

9. On or before the Notice Date, Settlement Class Counsel shall cause the Notice to be published on the following website: www.cispantitrustsettlement.com.

10. Prior to the Fairness Hearing, Settlement Class Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 7 through 9 of this Order.

11. As described in the Notice of Proposed Class Action Settlement, any member of the Settlement Class may opt out of the Settlement by notifying the claims administrator at the address provided. A Settlement Class Member wishing to request exclusion shall mail a request in written form by first-class mail, postmarked no later than 45 days after the Notice Date to the address of the claims administrator designated in the Notice. The exclusion request must clearly state (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and all addresses (including any addresses that have received shipments of CISP from defendants), as well as any subsidiaries or affiliates who are requesting to be excluded from the Settlement Class; (c) the name of the Action ("*In re: Cast Iron Soil Pipe and Fittings Antitrust Litigation*, No. 1:14-MD-2508-HSM-CHS"); and (d) a statement indicating that it wants to be excluded from the Settlement.

12. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share the benefits of the Settlement Agreement, nor be bound by any judgment, whether favorable or adverse.

### The Fairness Hearing

13. A Fairness Hearing is hereby scheduled to be held on **May 23, 2017 at 9:00 a.m. EST** before the undersigned at the Joel W. Solomon Federal Building, U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee, to consider the fairness, reasonableness and adequacy

of the Settlement, the Plan of Allocation, and the request for attorneys' fees, reimbursement of Settlement Class Counsel's out-of-pocket costs and expenses, and incentive awards to the Plaintiffs. The Fairness Hearing shall continue, if necessary, on **May 24, 2017 at 9:00 a.m.**

14. All papers in support of final approval of the Settlement, the Plan of Allocation, and the request for attorneys' fees, reimbursement of Settlement Class Counsel's out-of-pocket costs and expenses incurred in the prosecution of the litigation, and payment of incentive awards to the Plaintiffs shall be filed 30 days before the Fairness Hearing.

15. Any member of the Settlement Class that has not provided notification of its intent to opt out of the Settlement in the manner set forth above may appear or object to the fairness, reasonableness, and adequacy of the Settlement Agreement or the Plan of Allocation; or in opposition to the request for attorneys' fees, reimbursement of Settlement Class Counsel's out-of-pocket costs and expenses, and incentive awards; provided, however, that no person shall be heard in opposition to or support of the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, 20 days or more before the Fairness Hearing, such person (a) files with the Clerk of the Court a signed statement that indicates such person's position, and its basis, with regard to the Settlement for which that person wishes to appear or object to, and includes proof of membership in the Settlement Class; and (b) serves copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Settlement Class Counsel and Defendants' Counsel.

16. The date of the Fairness Hearing shall be set forth in the Notice and Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of

the Settlement Class other than that which may be posted at the Court and on the Court's website.

## Settlement Administration

17. To effectuate the Settlement Agreement and the Notice provisions, the Court hereby approves RG2 Claims Administration LLC as the claims administrator to be responsible for: (a) establishing a P.O. Box and website (to be included in the Notice and the Publication Notice) for the purpose of communicating with potential members of the Settlement Class; (b) disseminating Notice to the potential members of the Settlement Class; (c) accepting and maintaining documents sent from Settlement Class Members, including exclusion requests; and (d) processing claims filed.

18. The Court approves Settlement Class Counsel's designation of Presidio Bank as Escrow Agent pursuant to the Escrow Agreement.

## Other Provisions

19. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, Defendants, and the members of the Settlement Class.

20. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any class proposed in these consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions, and no party may cite or

refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

        */s/ Harry S. Mattice, Jr.*
        HARRY S. MATTICE, JR.
        UNITED STATES DISTRICT JUDGE