UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| IN RE: CAST IRON SOIL PIPE AND FITTINGS ANTITRUST LITIGATION | No. 1:14-md-2508-HSM-CHS |
|---|---|
| THIS DOCUMENT RELATES TO: Direct Purchaser Class Action | |

**ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS FOR THE NAMED PLAINTIFFS**

The above matter came before the Court on Direct Purchaser Plaintiffs' ("DPPs") motion for an award of attorneys' fees, for reimbursement of expenses, and incentive awards for plaintiffs A&S Liquidating, Inc., Hi Line Supply Company, Ltd., and Red River Supply, Inc. (collectively, the "Named Plaintiffs"). (Doc. 493).

Having considered the Settlement Agreement, whose defined terms are incorporated herein, the memorandum submitted by the DPPs in support of their motion, (Doc. 493-1), oral argument presented at the fairness hearing on May 23, 2017, and the complete record in this matter, **THE COURT HEREBY FINDS AND ORDERS,** as follows:

1. The Settlement confers a substantial benefit on the direct purchaser Settlement Class and the value is immediate and readily quantifiable.

2. Settlement Class Counsel vigorously and effectively pursued DPPs' claims before this Court. Those efforts included: an exhaustive pre-filing investigation of potential direct purchaser claims against Defendants; development, review and analysis of a massive discovery record, which included roughly one million pages of documents produced by Defendants and

numerous non-parties, and 34 depositions of 36 party and non-party witnesses; research and drafting of a comprehensive amended complaint upheld by this Court after substantial briefing and oral argument; engaging in time-consuming discovery negotiations with Defendants and non-parties; working with experts on class certification; marshalling the discovery record for DPPs' class certification papers, which in addition to a detailed expert report also relied on dozens of deposition transcripts and hundreds of Defendants' documents; making a dozen appearances before the Court for various motion hearings and status conferences; and successfully mediating before two well-known mediators and then negotiating the terms of the Settlement Agreement.

3. The Court has considered the six factors outlined by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974), in weighing a fee award to Settlement Class Counsel: (1) the value of the benefit rendered to the plaintiff class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

4. The Court finds that the requested fee of one-third is fair and reasonable and fully justified, and within the range of fees ordinarily awarded in this district and throughout the Sixth Circuit.[1] The Court, therefore, awards Settlement Class Counsel attorneys' fees in the amount of

---

[1] In awarding attorneys' fees, the Court must choose between applying the "lodestar" method, in which "the court multiplies the number of hours 'reasonably expended' on the litigation by a 'reasonable hourly rate,'" and the "percentage-of-the-fund" method, in which "the court determines a percentage of the settlement to award to class counsel." *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). While District courts have discretion to choose among these methods to account for the unique circumstances before them, they "must articulate the reasons for adopting a particular methodology." *Id.* at 280 (internal quotation marks and citations omitted). In this case, the Court finds that the "percentage-of-the-fund" method is appropriate because courts routinely apply the "percentage-of-the-fund" method in common fund cases such as this, and because the "lodestar" method is time consuming to administer, capable of manipulation, and creates an incentive to unnecessarily prolong litigation. *See, e.g.*, *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387 at *2 (E.D. Tenn. May 17, 2013); *see also* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 14.121. Additionally, applying the "percentage-of-the-fund"

$10,000,000 as well as approving reimbursement of $2,000,000 in expenses, which were reasonably and necessarily incurred in Settlement Class Counsel's prosecution and resolution of this Action. Settlement Class Counsel is hereby authorized to allocate the fee awarded by the Court among all other counsel who rendered professional services on behalf of the direct purchaser class in a manner which, in Settlement Class Counsel's opinion, fairly reflects the benefit of the services rendered.

5. The Court also approves payment of up to $150,000 from the net Settlement Fund to RG/2 Claims Administration LLC, the court-appointed claims administrator, for notice and administration costs.

6. The Named Plaintiffs were extensively involved in this case and devoted substantial time and energy to their duties as representatives of the direct purchaser class, including working with counsel to understand how the CISP market worked, collecting relevant documents in response to Defendants' document requests, responding to Defendants' interrogatories (including contention interrogatories), and preparing and sitting for depositions. The Court therefore grants Named Plaintiffs A&S Liquidating, Inc., Hi Line Supply Company, Ltd., and Red River Supply, Inc. an award of $50,000 each, payable from the Settlement Fund, for their efforts in discovery and their role in bringing about this recovery on behalf of the Settlement Class.

---

method results in a lower attorneys' fee award than would result if the Court were to apply the "lodestar" method, as Class Counsel have submitted documentation supporting a lodestar figure of $12.8 million. (Doc. 492-3 at 26–27). Courts in the Sixth Circuit routinely approve application of the "percentage-of-the-fund" method where it results in a *higher* award than that which would result under the "lodestar" method. *See, e.g.*, *In re Southeastern Milk Antitrust Litig.*, 2013 WL 2155387 at *4. This further confirms that the requested attorneys' fees in this case are reasonable. *See, e.g.*, *Walls v. JPMorgan Chase Bank, N.A.*, 2016 WL 6078297 at *6 (W.D. Ky. Oct. 14, 2016) ("Based on the declarations of Class Counsel, the total fee amount thus far is $787,576.25. Dividing the amount they seek ($650,000) by this amount results in a multiplier of 0.83, which is a negative multiplier, meaning that the requested fees are less than the lodestar amount. Thus, the lodestar cross-check result indicates that the fee award sought by Class Counsel is reasonable.").

3

**SO ORDERED** this 26th day of May, 2017.

                                           */s/ Harry S. Mattice, Jr.*
                                           HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE