UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN RE: CAST IRON SOIL PIPE AND FITTINGS ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Direct Purchaser Class Action | No. 1:14-md-2508-HSM-CHS |

**ORDER AND FINAL JUDGMENT**

On November 29, 2016, this Court granted preliminary approval of the settlement ("Preliminary Approval Order," Doc. 474) entered into between plaintiffs A&S Liquidating Inc., Hi Line Supply Co. Ltd., and Red River Supply, Inc., on behalf of themselves and as representatives of the Settlement Class (collectively, "Plaintiffs"), and defendants McWane, Inc., and its unincorporated divisions, AB&I Foundry and Tyler Pipe Company (collectively, "McWane"), Charlotte Pipe and Foundry Company and Randolph Holding Company (collectively, "Charlotte Pipe,"), and the Cast Iron Soil Pipe Institute ("CISPI," who, along with McWane and Charlotte Pipe, are collectively referred to as "Defendants"). The Preliminary Approval Order authorized Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to potential members of the Settlement Class. Notice was provided to the class in accordance with the Preliminary Approval Order, and the Court held a final fairness hearing on May 23, 2017 to further consider the proposed settlement.

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Distribution, (Doc. 492), oral argument presented at the fairness hearing, and the

complete record in this matter, including the Settlement Agreement, whose defined terms are incorporated here, **THE COURT HEREBY FINDS AND ORDERS,** as follows:

## The Settlement Class

1. This case has been certified for settlement purposes on behalf of the following Settlement Class:

> All persons or entities that purchased cast iron soil pipe or fittings in the United States directly from any of the Defendants, their subsidiaries, predecessors, or affiliates, from November 1, 2006, through December 31, 2013 (the "Settlement Class Period"). Excluded from the Settlement Class are: the Known Opt-Outs, identified in Exhibit A, which is attached hereto and incorporated by reference herein, the Defendants, their parent companies, subsidiaries, predecessors, and affiliates, federal and state governmental entities and instrumentalities of federal or state governments.

2. The entities identified in Exhibit B, which is attached hereto and incorporated by reference herein, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, are not bound by this Order and Final Judgment, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise. Said excluded entities may not pursue any claims released under the Settlement Agreement on behalf of those who are bound by this Order and Final Judgment.

3. Each Settlement Class Member not appearing in Exhibit B is bound by this Order and Final Judgment and will remain forever bound.

## Jurisdiction

4. This court has jurisdiction over the Defendants and the claims of the Plaintiffs and the Settlement Class.

## Notice

5.  The notice plan and the form and content of the notices of the Settlement complied with Federal Rule of Civil Procedure Rule 23 and Constitutional requirements of Due Process.

6.  Settlement Class Counsel caused the claims administrator to mail, via first-class mail, notice to 2,563 different addresses of potential members of the Settlement Class on or about December 29, 2016. The notice program included individual notice to potential Settlement Class Members and the establishment of a website (www.cispantitrustsettlement.com), through which notice and other information could be obtained. Notice was also published in the January 3rd, 2017 national edition of the *Wall Street Journal*, as well as in the January 2017 issue of *Supply House Times*.

7.  The notice plan provided notice to the potential members of the Settlement Class of the terms of the Settlement, and the options the potential class members had, including, among other things: (a) to opt out of the Settlement; (b) to be represented by counsel of their choosing; (c) to object to the Settlement; and (d) to participate as a claimant in the Settlement. The notice constituted the most effective and best notice practicable under the circumstances and was sufficient notice for all other purposes to all potential Settlement Class Members entitled to receive notice.

## The Settlement and its Terms

8.  The settlement provides a recovery from Defendants of $30 million in cash.

9.  The Court has evaluated the proposed settlement under Rule 23 of the Federal Rules of Civil Procedure, as well as relevant Sixth Circuit law, including the factors set forth in *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. Gen. Motors*

*Corp.*, 497 F.3d 615, 631 (6th Cir. 2007), namely: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent settlement class members; (6) the risk of fraud or collusion; and (7) the public interest.

10. **The likelihood of success on the merits weighed against the amount and form of the relief offered in the Settlement.** This case involved numerous, complex legal issues, and Plaintiffs' success was not certain. The risk that the Settlement Class would ultimately receive nothing was not insignificant. Had Plaintiffs been unable to prove even one element of their federal antitrust claims, Defendants would have prevailed, and the Settlement Class would have recovered nothing. The Settlement provides $30 million in cash, which provides a direct benefit to Settlement Class Members. Weighing the risk and uncertainty of continued litigation against the Settlement's benefits warrants final approval.

11. **The complexity, expense, and likely duration of further litigation.** The complexity, expense, and likely duration of continued litigation also favor final approval. Continuing the direct purchaser class action against the Defendants would have been expensive and time-consuming, requiring additional expert work as well as significant attorney time. *See* Joint Declaration of Solomon B. Cera, Robert N. Kaplan and Kit A. Pierson in Support of Direct Purchaser Plaintiffs' (1) Motion for Final Approval of Class Action Settlement and Plan of Distribution and (2) Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and Incentive Awards for the Named Plaintiffs. ("Joint Declaration," Doc. 492-3, at ¶¶ 53-54).

12. **The risk of fraud or collusion, and the opinions of Settlement Class Counsel.** The Settlement was reached after adversarial litigation and good faith, arm's-length negotiations

4

over a period of months with well-respected and experienced mediators and counsel. The opinions of Settlement Class Counsel, who have extensive experience in handling antitrust and other complex class litigation, support the Settlement as being fair and reasonable, and provide additional support for final approval.

13. **The amount of discovery engaged in by the parties.** The discovery in this case was intensive, and fact discovery had concluded by the time the parties began engaging in serious settlement discussions. Defendants and non-parties collectively produced approximately one million pages of documents, which were reviewed and analyzed by Settlement Class Counsel and their co-counsel. *See* Joint Declaration, at ¶ 27. In addition, 34 depositions of parties and non-parties took place, including those of Plaintiffs' expert economist and the three Plaintiffs themselves. (Joint Declaration, at ¶¶ 46-48). Settlement Class Counsel's thorough analysis of this full and complete fact discovery record informed their decision to enter settlement negotiations, and Settlement Class Counsel had ample information to allow them to evaluate the fairness of the Settlement. This factor also supports final approval.

14. **The reaction of absent settlement class members.** There were no objections by Settlement Class Members.[1] No person or entity requested the opportunity to be heard at the final fairness hearing. Only two members of the Settlement Class, identified in Exhibit B to this Order and Final Judgment, requested exclusion from the Settlement Class. The fact that only two Settlement Class Members elected to opt-out of the Settlement, and the additional fact that no Settlement Class Member objected, support a conclusion that the Settlement is fair, reasonable, and adequate.

---

[1] The record reflects that the sole objection was formally withdrawn before the May 23, 2017 fairness hearing. (Docs. 494, 498, 499, 500).

15. **The public interest.** The public interest also supports final approval of the Settlement. This litigation sought to hold Defendants accountable for their allegedly anticompetitive scheme, and challenged a far broader set of conduct than that investigated by the Federal Trade Commission. The resolution of the case through settlement further benefits the public by providing compensation to those who allege they have been directly injured by Defendants' alleged anticompetitive actions.

16. Upon consideration of the above factors, the record in this case, and the argument at the fairness hearing held on May 23, 2017, the Court finds that the settlement is fair, reasonable, and adequate. The Court therefore grants final approval under Rule 23(e) of the Federal Rules of Civil Procedure.

17. The proposed plan of distribution of the Settlement Fund is also fair and reasonable. The Settlement Fund will be distributed to Settlement Class Members based on their purchases of CISP during the Settlement Class Period. Each Settlement Class Member that submitted a timely and valid claim will receive its *pro rata* share of the Settlement Fund, ensuring that no Settlement Class Member receives preferential treatment.

Entry of Final Judgment

18. The direct purchaser class action, and all direct purchaser class actions filed in, or transferred to, the United States District Court for the Eastern District of Tennessee for consolidation and/or coordination with this multidistrict litigation, are dismissed with prejudice and in their entirety, on the merits, as to Defendants. This dismissal shall not affect, in any way, the rights of Plaintiffs or Settlement Class Members to pursue any claims other than those released under the terms of the Settlement Agreement.

6

19. Upon the occurrence of the first date by which all of the following events have occurred: (a) all parties have executed the Settlement Agreement; (b) the Court has entered this Order and Final Judgment approving the Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure; (c) the Court has entered this Order and Final Judgment dismissing the Action as against any Released Party who is a Defendant with prejudice as to all Settlement Class Members and without costs; and (d) the time for appeal or to seek permission to appeal from the Court's final approval of the Settlement Agreement and entry of this Order and Final Judgment as described in clause (b) above has expired or, if appealed, final approval of the Settlement Agreement and this Order and Final Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. § 1651) (the "Effective Date"), the Releasing Parties shall be deemed to and do completely remise, release, acquit, and forever discharge the Released Parties from any and all claims, demands, actions, suits, injuries, and causes of action, damages of any nature, whenever or however incurred (whether actual, punitive, treble, compensatory, or otherwise), including claims for costs, fees, expenses, penalties, and attorneys' fees, whether class or individual, known or unknown, or otherwise, that the Releasing Parties, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity against any of the Released Parties, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of any of the Released Parties for the period from November 1, 2006 through the Execution Date, concerning any of the conduct alleged or that could have been alleged in the Action against Defendants, including, without limitation, any claim under any federal or state

antitrust, unfair competition, unfair practices, fraud, racketeering, price discrimination, unjust enrichment, unitary pricing or trade practice law (the "Released Claims"). However, nothing in this Order and Final Judgment shall release: (a) any claims based upon indirect purchases of CISP brought by prospective members of any class of indirect purchasers (the "Indirect Purchaser Class"); or (b) claims arising in the ordinary course of business for any product defect, product performance, or breach of warranty or for breach of contract based on product defect, product performance, or warranty, relating to CISP.

20. In no event shall Defendants be obligated to pay anything in addition to the $30 million they have already deposited into the Settlement Fund, created pursuant to the Settlement Agreement, including without limitation, attorney fees, awards to the Plaintiffs for their efforts on behalf of the Settlement Class, escrow costs, taxes, or any other cost or expense arising from or to be paid as part of the Settlement, including notice costs.

21. The Settlement, this Order and Final Judgment, and/or any and all negotiations, documents, and discussions associated with it shall not be deemed or construed to be an admission or evidence of any kind, including without limitation of any violation of any statute or law or any liability or wrongdoing by Defendants or an acknowledgement of defenses by Plaintiffs, or the truth of any of the claims or allegations contained in any pleading in this case or the standing of any party to assert claims against Defendants or defenses against Plaintiffs, and evidence thereof shall not be discoverable or used directly or indirectly, by any party or any third party, in any way, whether in this class action or in any other action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, tribunal, administrative agency, regulatory body or other similar entity, provided, however, that nothing contained herein shall

preclude use of the Settlement Agreement or this Order and Final Judgment in any proceeding to enforce the Settlement Agreement.

22. Without affecting the finality of this Order and Final Judgment, this Court retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including the Settlement Fund and the administration thereof, and consummation, and interpretation of the Settlement and Settlement Agreement.

23. The escrow account established by the parties is hereby approved by the Court. Defendants have deposited $30 million, as the Settlement Fund, into that escrow account pursuant to the Settlement Agreement, and that escrow fund, including any accrued interest, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

24. Pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal of the direct purchaser class action forthwith as to Defendants.

**SO ORDERED** this 26th day of May, 2017.

                                                          */s/ Harry S. Mattice, Jr.*
                                                        HARRY S. MATTICE, JR.
                                                        UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT

# Exhibit A

Known Opt-Outs, Inclusive of Their Subsidiaries, Divisions and Affiliates:

1. Action Plumbing Supply
2. All-Tex Pipe & Supply, Inc.
3. Betz Mechanical & Industrial Supply
4. City Supply Corp.
5. Coburn's Wholesale Distributor
6. Columbia Pipe & Supply
7. Etna Supply Company
8. Express Pipe & Supply Co., LLC
9. Ferguson Enterprises, Inc.
10. F.W. Webb Company
11. FWC Supply, LLC
12. Goodin Company
13. Green Art Plumbing
14. Hajoca Corporation
15. Henry Quentzel Plumbing Supply
16. Lehman Pipe & Plumbing Supply, Inc.
17. Louis P. Canuso, Inc.
18. M. Cooper Supply Company
19. Morrison Supply Co.
20. Morton Grove Supply Co.
21. Pace Supply Corporation
22. Plumbing Distributors, Inc.
23. The Plumbing Exchange
24. P.V. Sullivan Supply/Sullivan Company, Inc.
25. Rubenstein Supply Company
26. Schimberg Co.
27. Schulhof Company
28. Seekonk Supply Co., Inc.
29. Slakey Bros.
30. Solco Plumbing Supply
31. Southern Pipe & Supply Co.
32. Star Mechanical Supply, Inc.
33. Star Wholesale Supply, Inc.
34. Thos. Somerville Company
35. Todd Pipe & Supply, LLC
36. V&W Supply Co., Inc.
37. VP Supply Corp.
38. Winston Water Cooler, LTD.
39. WinWholesale, Inc.
40. Worly Plumbing Supply

**Exhibit B**

1. Dana Kepner Co., Inc.

2. Western Industrial Supply, LLC